IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-40791
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO GUZMAN-VALDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-353-ALL

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sergio Guzman-Valdez pleaded guilty and was convicted of importation of cocaine. The district court sentenced him to 70 months of imprisonment, three years of supervised release, and a $100 special assessment.

Guzman-Valdez argues that he was wrongly denied a downward adjustment for his minor or minimal role in the offense. The advisory Sentencing Guidelines provide for a reduction in the base offense level of a "minor" or a "minimal" participant. U.S.S.G. § 3B1.2. To merit a reduction

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under § 3B1.2, the defendant must have been "substantially less culpable" than the average participant. § 3B1.2, comment. (n.3(A)). The role of a defendant in the offense is a factual determination that we review for clear error. United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005).

The presentence report (PSR) indicates that Guzman-Valdez's car crossed into Mexico nine times in just over two months. On one of these occasions Guzman-Valdez was found to have $1450 hidden in the air vent of his car. The PSR also indicates that Guzman-Valdez had a history of unemployment.

Guzman-Valdez has not shown that his participation in the offense was "peripheral to the advancement of the illicit activity" or that it was not "critical to the offense," given that he directly transported a sizable load of cocaine and was found with a large sum of money concealed in his car's air vent on a prior occasion. Villanueva, 408 F.3d at 204; United States v. Tremelling, 43 F.3d 148, 153 (5th Cir. 1995). Guzman-Valdez has not demonstrated that the district court's denial of a role adjustment was clearly erroneous.

AFFIRMED.